FILED
CLERK
9/21/2012 10:55 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANIEL MILLER,

                Plaintiff,
                                            ORDER
        -against-                           12-CV-4549(JS)(WDW)

COUNTY OF NASSAU, MICHAEL SPOSATO,
Sheriff, CORP. JOHN DOE, and
C/O JOHN DOE #1-#4,

                Defendants.
----------------------------------X
```

APPEARANCES:
For Plaintiff:    Daniel Miller, Pro Se
                  12003565
                  Nassau County Correctional Center
                  100 Carman Ave.
                  East Meadow, NY 11554

For Defendants:   No appearances

SEYBERT, District Judge:

Incarcerated pro se plaintiff Daniel Miller ("Plaintiff")[1] filed a Complaint in this Court on September 10,

---

[1] Plaintiff is no stranger to this Court. Between 2000 and his filing of the instant case on September 10, 2012, Plaintiff has filed twenty-one (21) in forma pauperis civil actions, almost all of which have been dismissed: Miller v. U.S., 00-CV-3088(CBA) (withdrawn); Miller v. County of Nassau, 00-CV-6124(JS)(WDW) (dismissed for failure to state a claim upon which relief may be granted); Crosby v. Walsh, 03-CV-4897(ARR) (dismissed in forma pauperis complaint filed by four inmates, including Miller, for failure to state a claim); Miller v. Reilly, 05-CV-0611(JS)(WDW) (settled); Miller v. County of Nassau, 467 F. Supp. 2d 308 (E.D.N.Y. 2006) (dismissed for failure to state a claim upon which relief may be granted); Miller v. Reilly, 06-CV-3727(ADS) (settled); Miller v. Reily, 06-CV-6485(JS) (withdrawn); Miller v. Zerillo, 07-CV-1687(JS)(WDW) (dismissed as moot and unexhausted under the PLRA); Miller v. Zerillo, 07-CV-1719(JS) (dismissed as moot and unexhausted under the PLRA); Miller v. Lindsay, 07-CV-2556(JS) (dismissed as moot); Miller v. Alexander, 07-CV-3533(JS) (dismissed as moot); Miller v. Reilly, 08-CV-1863(TCP) (dismissed as unexhausted and moot); In re Daniel Miller, 12-MC-0512(JBW)

2012 pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Nassau, Michael Sposato, Sheriff of Nassau County, a "John Doe" corporal and four "John Doe" corrections officers accompanied by an application to proceed in forma pauperis. Plaintiff complains generally about the lack of procedures to protect an inmate's personal property at the Nassau County Jail and alleges that, on July 12, 2012, Plaintiff's property (valued at approximately $3,600) was lost while he was admitted to the Nassau University Medical Center.

Because Plaintiff has had "three strikes" pursuant to 28 U.S.C. § 1915(g), and has not alleged that he is "under imminent danger of serious physical injury," his application to proceed in forma pauperis is denied. **Plaintiff is directed to pay the $350.00 filing fee within fourteen (14) days of the date of this Order, and a failure to do so will lead to the dismissal of this action without further notice and judgment shall enter.**

DISCUSSION

28 U.S.C. § 1915(g) bars prisoners from proceeding in forma pauperis after three or more previous claims have been

---

(case closed by Order dated August 6, 2012 and Plaintiff's submission concerning "Terrorist Acts" was forwarded to the U.S. Marshal); Miller v. Spizatto, 12-CV-2511(JS) (dismissed unexhausted § 2241 petition claiming excessive bail); Miller v. County of Nassau, 12-CV-4164 (JS)(WDW); Miller v. Smith, 12-CV-4378(JS)(WDW); Miller v. County of Nassau, 12-CV-4430(JS)(WDW); Miller v. County of Nassau, 12-CV-4466(JS)(WDW); and Miller v. County of Nassau, 12-CV-4550(JS)(WDW).

dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Section 1915(g), often referred to as the "three strikes" rule, provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g).

Here, Plaintiff has at least five disqualifying actions.[2] See Miller v. County of Nassau, 467 F. Supp. 2d 308 (E.D.N.Y. 2006) (dismissed for failure to state a claim upon which relief may be granted); Miller v. Carpinello, 06-CV-12940 (LAP), 2007 WL 4207282 (S.D.N.Y. Nov. 20, 2007) (dismissed for failure to state a claim upon which relief may be granted); Crosby v. Walsh, 03-CV-4897(ARR)

---

[2] Consistent with the Second Circuit's instruction, the Court has relied on the docket reports for the cases that pre-date electronic case filing ("ECF") to conclude that each of the prior dismissals are "strikes" in accordance with § 1915(g)'s criteria. See Harris v. City of New York, 607 F.3d 18, 23-24 (2d Cir. 2010) ("Nothing in the PLRA or the caselaw of this or other courts, however, suggests that courts have an affirmative obligation to examine actual orders of dismissal.") (citing Thompson v. Drug Enforcement Admin., 492 F.3d 428, (D.C. Cir. 2007) (accepting docket reports indicating that prior dismissals satisfied at least one of the § 1915(g) criteria for a strike; Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[D]istrict court docket records may be sufficient to show that a prior dismissal . . . counts as a strike") (add'l citation omitted)).

(E.D.N.Y. Feb. 11, 2005) (dismissed for failure to state a claim on which relief may be granted); Miller v. County of Nassau, 00-CV-6124(JS)(WDW) (dismissed for failure to state a claim upon which relief may be granted); Miller v. Menifee, 01-CV-8414 (MBM) (dismissed as frivolous); Miller v. U.S.A., 00-CV-2082 (TPG) (S.D.N.Y.) (dismissed for failure to state a claim upon which relief may be granted).

Moreover, Plaintiff does not allege any facts indicating that he faces "imminent danger of serious physical injury." Chavis v. Chappius, 618 F.3d 162, 167 (2d Cir. 2010). To satisfy the requirement of imminent danger of serious physical injury under 28 U.S.C. § 1915(g), a plaintiff must "reveal a nexus between the imminent danger [he] alleges and the claims [he] asserts." Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009). When a court considers whether such a nexus exists, the court must consider: (1) whether the imminent danger alleged is fairly traceable to the unlawful conduct asserted in the complaint; and (2) whether a favorable judicial outcome would redress the injury. Id. at 298-99. The imminent harm must also be existing at the time the complaint is filed. Harris, 607 F.3d at 24. Here, Plaintiff does not allege any facts indicating that he faces any danger of any physical injury nor can the Court reasonably construe his allegations to support a finding that he was under imminent danger of serious injury at the time he filed this action. Accordingly,

4

given Plaintiff's long history of vexatious litigation, and in the absence of any claim concerning a danger of imminent serious physical injury, Plaintiff is now barred from filing this case <u>in forma pauperis</u> and his application is thus DENIED.

## CONCLUSION

Accordingly, Plaintiff's application to proceed <u>in forma pauperis</u> is denied. **Plaintiff is directed to pay the Court's $350.00 filing fee within fourteen (14) days of the date of this Order, and his failure to do so will lead to the dismissal of this action without further notice and judgment shall enter.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>See Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: September __21__, 2012
       Central Islip New York